IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC FELGENHAUER and DEANNA FELGENHAUER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NATIONSTAR MORTGAGE LLC d/b/a )<br>"MR. COOPER"; and MCCALLA )<br>RAYMER LEIBERT PIERCE, LLC, )<br>)<br>Defendants. ) | No. 21 C 06163<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Eric and Deanna Felgenhauer (collectively, "Plaintiffs") bring suit alleging that Defendant Nationstar Mortgage LLC d/b/a "Mr. Cooper" ("Nationstar") violated a provision of the Real Estate Settlement Procedures Act ("RESPA") by "dual tracking" foreclosure proceedings. Nationstar moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Plaintiffs lack subject matter jurisdiction or have otherwise failed to state a claim. (Dkt. 9). For the reasons given, the Court finds it does not have subject matter jurisdiction and grants Nationstar's Motion.

## BACKGROUND

The following factual allegations are taken from Plaintiffs' Complaint, (Dkt. 1) and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

The Plaintiffs bought their home in Shorewood, Illinois, in 2006 and have resided there since that time. (Dkt. 1 ("Compl.") ¶¶2-3). In order to finance the purchase of their home, they

1

borrowed money and executed a note for $322,000 payable to Aegis Wholesale Corporation and were granted a contemporaneous mortgage lien on then Shorewood home. (Compl. ¶4). Defendant Nationstar (also known as "Mr. Cooper") is the current servicer of the mortgage. (*Id.* ¶7).

After Plaintiffs fell behind on their mortgage payments in 2019, Nationstar declared the loan in default and filed a foreclosure proceeding in the Circuit Court of the Twelfth Judicial Circuit Court of Will County, Illinois on October 22, 2019. (Compl. ¶¶19-20; *see also Id.* Ex. 3at 1).[1] Nationstar filed a Motion for Foreclosure and Sale in that case on February 28, 2020. (*Id.* ¶24). The motion was refiled on March 3, 2020, and noticed before that court for March 17, 2020. (*Id.*; *see also* Compl. Ex. 3).

In the meantime, on February 26, 2020, Plaintiffs submitted a loss mitigation application ("LMA") to Nationstar. Nationstar's counsel alerted Plaintiffs on March 3, 2020, that they could not open the e-mail attachments. Plaintiffs resent the materials on March 4, 2020, and Nationstar's counsel confirmed receipt. (*Id.* ¶¶21, 23). After March 4, Plaintiffs were not advised that their LMA was incomplete in any way and received no requests to provide additional information. (*Id.* ¶25). Plaintiffs' LMA was thus "facially complete" after March 4. (*Id.*). Plaintiffs expected Nationstar to put the Will County foreclosure proceedings on hold and evaluate their LMA. (*Id.* ¶38).

On March 17, 2020, the Will County court entered judgment granting Nationstar's motion for foreclosure and sale. (*Id.* ¶27; *see also* Ex. 4). Plaintiffs moved to vacate that judgment. (*Id.* ¶¶28-29, Ex. 5-6). In its response to that motion, Nationstar (through counsel) responded that the

---

[1] The Court "may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6)." *White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016). The Court can also consider material outside the pleadings when determining if it has jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

LMA was not facially complete and that Nationstar had advised Plaintiffs that the LMA was incomplete on a date prior to April 24, 2020. (Ex. 6). Plaintiffs subsequently sent a notice of error to Nationstar on October 14, 2021. (Ex. 7).[2] The notice alleged that Nationstar had erred in servicing the loan when it failed to timely acknowledge receipt of the LMA and had failed to make a determination within the time required by RESPA. (¶¶33-34). Nationstar acknowledged receipt of the notice (¶¶32, 34) but did not respond. On November 2, 2021, the Will County court denied Plaintiffs' motion to vacate. (Ex. 8).

Plaintiffs filed their complaint in this case on November 17, 2021. They allege that Nationstar violated 12 C.F.R. 1024.41(g) by moving forward with foreclosure proceedings while their LMA was pending review (also known as "dual tracking") (Count I).[3]

## LEGAL STANDARDS

Rule 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction" of claims asserted in a complaint. In analyzing a motion under Rule 12(b)(1), this Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff must carry his burden of establishing that jurisdiction is proper. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). When a party raises the issue of subject matter jurisdiction, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever

---

[2] While Plaintiffs allege that thy sent the Notice on October 14, 2020, the exhibit attached to the Complaint reflects that the Notice was sent on October 14, 2021.

[3] The complaint also alleged that Nationstar's counsel had violated the FDCPA, but Plaintiffs have since voluntarily dismissed counsel from the case (Dkt. 13).

evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. at 656-57. A court lacking subject matter jurisdiction must dismiss the action without proceeding to the merits. See *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

## **DISCUSSION**

Nationstar contends the *Rooker-Feldman* doctrine precludes subject matter jurisdiction here. This doctrine deprives a federal court of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). To determine whether this doctrine bars jurisdiction, a court first must "consider whether a plaintiff's federal claims are independent or, instead, whether they either directly challenge a state court judgment or are inextricably intertwined with one." *Andrade v. City of Hammond, Indiana*, 9 F.4th 947, 950 (7th Cir. 2021) quoting *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019) (internal quotations omitted). If the claims directly challenge or are inextricably intertwined with a state court judgment, then the Court must determine "whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Id.*, quoting *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017).

As an initial matter, Plaintiffs argue that *Rooker-Feldman* is inapplicable because the Judgment of Foreclosure is not a final state court judgment, so they cannot be considered "state court losers." The *Rooker-Feldman* doctrine generally does not apply to interlocutory orders. *Bauer v. Koester*, 951 F.3d 863, 867 (7th Cir. 2020) citing *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). However, "interlocutory orders entered prior to the *final disposition* of state court lawsuits are not immune from the jurisdiction-stripping powers of *Rooker-Feldman*." *Bauer*, 951

4

F.3d at 867 (internal quotations omitted). The *Bauer* court found that *Rooker-Feldman* could apply because the record showed that the foreclosure case against the plaintiffs was "effectively final." *Id.* Although the current Defendants have the better argument here—although the judgment of foreclosure may not yet be appealable under state law until the sale order is final, a foreclosure judgment "is final as to the matters it adjudicates." *EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 154 (2012) ("[A]lthough a judgment of foreclosure is final as to the matters it adjudicates, a judgment foreclosing a mortgage, or a lien, determines fewer than all the rights and liabilities in issue because the trial court has still to enter a subsequent order approving the foreclosure sale and directing distribution. [But] the state's view of finality for state-law purposes does not dictate the result for federal appellate jurisdiction."). This is especially true here where the Plaintiffs have unsuccessfully challenged the judgment of foreclosure *and* the August 24, 2021, order appointing a judicial sales officer with their motion to vacate, discussed *supra. See* Compl. Ex. 5; *contra., e.g., Billups v. PHH Mortgage Corporation*, 2021 WL 83507 (N.D. Ill. Jan. 11, 2021) (rejecting *Rooker-Feldman* application because "proceedings in the state court could have still changed the outcome of the foreclosure judgment.")

Therefore, the Court must consider whether the Plaintiffs' claim is independent from the state court judgment of foreclosure such that the Court is not precluded from exercising jurisdiction. Plaintiffs are not explicitly challenging the foreclosure judgment or asking the Court to overturn that judgment. (Dkt. 21 at 11) ("If the home is lost, Plaintiffs concede that action cannot be undone but the law provides for damages to compensate for that loss if the servicer's conduct was improper.") However, even absent a direct or explicit challenge to a state court judgment, *Rooker-Feldman* deprives a federal court of subject matter jurisdiction if the injury is so inextricably intertwined with the state court proceeding that it cannot be separated from the state

court judgment. *See Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016); *see also Jakupovic*, 850 F.3d at 902 (whether a claim that could have been brought in state court is barred under *Rooker-Feldman* "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy.")

Review of the Plaintiffs' alleged damages support that the injury alleged is inextricably intertwined with the state court judgment of foreclosure. The judgment of foreclosure was entered March 17, 2020. (Dkt. 1, Ex. 3). The damages Plaintiff allege stem from the time period following that judgment. (*See* Dkt. 1, ¶¶40-44). For example, Plaintiffs allege that they suffered financial damage because they had to hire an attorney to, among other things, challenge the judgment of foreclosure. They also seek damages from having to *remain* in foreclosure. (*Id.*). These damages are intertwined with the events occurring as a result of the judgment of foreclosure, and would require the Court to wade into the state court proceedings and review the propriety of the judgment of foreclosure. *Kasprzyk,* 811 Fed. App'x at 382 ("Kasprzyk insists that the doctrine does not apply to his claims because he is seeking monetary damages for out-of-court actions by the defendants. But he alleges no injury distinct from the foreclosure judgment.")[4]

Finally, the parties dispute whether Plaintiffs had a "reasonable opportunity" to raise these issues in the state court proceedings. Plaintiffs rely on Nationstar's status as a nonparty to the foreclosure action to argue that they have not had such an opportunity to raise the issue in the state

---

[4] Plaintiffs' argument that applying *Rooker-Feldman* in RESPA cases would gut the statute is unavailing. State and federal courts have concurrent jurisdiction over RESPA claims. 12 U.S.C § 2614 ("An action pursuant to the provisions of section 2605 [or RESPA] may be brought in the United States district court or in any other court of competent jurisdiction[.]"); *see also Delaney v. Specialized Loan Servicing, LLC*, 2015 WL 7776902, at *1 (N.D. Ill. Dec. 3, 2015). RESPA claims that are inextricably intertwined with state court judgments may still be raised in state court proceedings. Beyond that, any RESPA claim related to state court proceedings is subject to the same *Rooker-Feldman* analysis and may or may not be "inextricably intertwined" with the state court judgments.

court proceeding. This is belied by the Plaintiffs' motion to vacate the foreclosure judgment based on the exact conduct it alleges injured them here.[5] See Dkt. 1, Ex. 5. On September 1, 2021, Plaintiffs filed their motion to vacate the Judgment of Foreclosure, arguing that Nationstar's conduct violated 12 C.F.R. section 1024.41(g) and was a basis to vacate the judgment. *Id.* at 2, 6. Plaintiffs argued that the Judgment should be vacated so it could mount a defense: "moving for its 'Default Judgment' while Defendants' [the Felgenhauers'] loss mitigation application was pending and unresolved, in violation to 12 C.F.R. 1024.35(b)(10) (moving for foreclosure judgment or order of sale, or conducting a foreclosure sale in violation of 1024.41(g)." *Id.* at 6. This motion was denied on November 2, 2021. Dkt. 1, Ex. 8. Plaintiffs filed their Complaint in federal court just weeks later, on November 17, 2021. With the exact same issue already raised, considered, and rejected in the state court proceeding, it is clear that Plaintiffs had a reasonable opportunity to be heard on this issue.

Ultimately, a finding that Nationstar violated RESPA by "dual-tracking" a judgment of foreclosure of the Plaintiffs' home and obtaining a judgment of foreclosure could not come without casting doubt on the validity of the state court's judgment of foreclosure. This is especially true here, where Plaintiffs raised its RESPA argument to the state court in its motion to vacate the judgment, and was rejected. Raising the same claim here results in a *de facto* appeal. Therefore, the injury Plaintiffs allege is inextricably intertwined with the state court judgment, and the Court lacks jurisdiction. *See, e.g., Mains v. CitiBank, N.A.*, 852 F.3d 669, 674-75 (7th Cir. 2017) (*Rooker-Feldman* deprives a federal court of jurisdiction when finding in a plaintiff's favor "would

---

[5] In a recent opinion, the Seventh Circuit held that *Rooker-Feldman* did not apply to a case because the *Plaintiffs* were not parties to underlying state court litigation. *See Pavlock v. Holcomb*, 35 F.4th 581 (7th Cir. 2022). Here, the Felgenhauers, as the Plaintiffs, were parties to the foreclosure judgment. And "whether any defendant was a party to the state-court action is a consideration under the doctrine of claim preclusion, not *Rooker-Feldman*. *Bauer v. Koester*, 951 F.3d 863, 868 (7th Cir. 2020)

effectively nullify the state court judgment."). Because the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over this case, the Court does not reach the remainder of Nationstar's motion to dismiss. See *MAO-MSO Recovery II, LLC*, 935 F.3d at 581.

## CONCLUSION

For the foregoing reasons, Nationstar's Motion to Dismiss is granted and the Complaint is dismissed without prejudice. (Dkt. 9). *Mains v. Citibank, N.A.*, 852 F.3d 669, 678 (7th Cir. 2017) ("A dismissal pursuant to *Rooker-Feldman* must [] be without prejudice.")

_____
Virginia M. Kendall
United States District Judge

Date: July 12, 2022